WALLACE, Appellant, v. SWAN, Respondent.

**Attachment — Liens — Priority.**

E. attached certain property and the debtor claimed it as exempt; the officer, however, held the property under the writ. During this time W. attached it on a debt against which it would not be exempt. After this, the debtor waived his exemptions on E.'s attachment; *held*, E. had the superior lien.

(Argued and determined at the May Term, 1889.)

APPEAL from the district court, Grand Forks county ; Hon. CHAS. F. TEMPLETON, Judge.

This was an action by Sumner Wallace, plaintiff, against James K. Swan, defendant, as sheriff, to recover $850.55, alleged to have been realized by defendant on the sale of certain property plaintiff had previously caused to be attached.

It appears the plaintiff was a creditor of one J. W. Bowes; that he commenced an action against him and caused an attachment to be issued and levied by the defendant, Swan, upon certain property of Bowes, February 3, 1887; that in that action he recovered judgment against Bowes for $1,248, October 7, 1887; that in the judgment it was found and adjudged that the debt upon which it was rendered was for property that had been obtained under false pretenses.

It also appeared that the defendant, as sheriff, had attached the same property on the 28th day of January, 1887, in a suit in which the Estey Organ Company was plaintiff, and said Bowes was defendant; that on the same day, Bowes, through his wife, he having absconded the territory, claimed the property as exempt; that notwithstanding the claim, the sheriff continued to hold possession of the property under the writ; that on the 14th day of February, 1887, the exemption claim was waived and consent was given by the wife that the property should be subject to the attachment and execution of the organ company; that on the 2d day of March, 1887, the organ company recovered a judgment against Bowes for $1,125; that on the same day an execution was issued on the judgment to the defendant sheriff, and he sold the property thereon for $850.55.

The case was tried by the court without a jury, and having found the above facts, it dismissed the plaintiff's action. After the denial of a motion for a new trial and the entry of final judgment the plaintiff appealed.

Plaintiff's debt having been incurred under false pretenses, it was conceded under section 3, chapter 55, L. 1885, he was entitled to the proceeds of the sale in the event of the first levy's being invalid, or its lien having been done away with by the exemption claim.

*C. B. Pratt,* for appellant.

Claiming the exemption destroyed the first attachment lien, the property then became liable to appellant's levy. Thomp. Homes. & Ex. 833.

*Bosard & Corliss,* for respondent.

This action is based on the theory that the claim for exemp-

tions rendered the first lien of no avail, and there being no exemptions as against appellant's debt, he acquired a prior lien. If this be true, then the exemption law operates not for the benefit of the debtor, but the dilatory creditor. The exemption right is personal, and appellant could not complain of its subsequent waiver. The statute cannot be made to change priorities among creditors. Garrett's Appeal, 32 Pa. St. 160, 72 Am. Dec. 779. The sheriff never released the levy under the first attachment. The lien was not destroyed by the claim merely. Garrett's Appeal, *supra;* Hatch v. Bartle, 45 Pa. St. 166, 84 Am. Dec. 484.

By the COURT:

The judgment is affirmed, the court being of opinion that the debtor not having elected to claim her exemptions out of the property taken under the first attachment, its lien became superior to that of the second. All concur, except TEMPLETON, J., not sitting.